■ LAWRENCE D. MARLOW, Individually and as Parent and Natural Guardian of ROBIN A. MARLOW, an Infant, Respondent, v BOARD OF EDUCATION OF THE OGDENSBURG CITY SCHOOL DISTRICT et al., Appellants, et al., Defendants. (And Four Other Related Actions.)—Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered June 12, 1991 in St. Lawrence County, which denied certain defendants' motions for summary judgment dismissing the complaints against them.

These five actions arise out of a tragic accident which occurred on September 9, 1987 in the Town of Oswegatchie, St. Lawrence County, when a tractor trailer drove into the rear of a school bus which had stopped to discharge students. Defendants Board of Education of the Ogdensburg City School District and the Superintendent of Schools, along with defendants Lyle H. Flack Bus Lines, Ltd. and Gail G. Bouchard, the respective owner and operator of the school bus (hereinafter collectively referred to as the moving defendants), moved for summary judgment dismissing the complaints and cross claims against them upon the ground that the actual and imputed negligence of defendants James M. Palser and Anchor Motor Freight, Inc., the respective operator and owner of the tractor trailer, was the sole proximate cause of the accident and of the damages sustained by plaintiffs. Supreme Court denied the motions, and this appeal followed.

We disagree with Supreme Court's determination that the moving defendants' evidentiary showing left unresolved factual issues as to whether Bouchard's negligence was a proximate cause of the accident and, accordingly, reverse. Bouchard's deposition testimony showed that in the minutes prior to the accident, she first drove her school bus south on State Route 68, turned around at the S.P.C.A., and then prepared to make a right turn back onto Route 68. Before proceeding, she looked to her left, where she had an unimpaired view to the south for a distance of approximately 1,500 feet. Seeing no northbound vehicles on Route 68, Bouchard pulled out onto the highway and proceeded north toward her next stop, the

Mereau residence, situated approximately 500 feet down the road. By the time Bouchard had driven 40 to 45 feet from the S.P.C.A., she had activated her flashing yellow lights and could see Palser's truck in her rear view mirror. When she had traveled approximately 60 feet from the S.P.C.A., Palser's truck was an estimated 1,000 feet behind her, proceeding at a rate of approximately 55 to 65 miles per hour. Impact occurred at a time when Bouchard had activated her red flashing lights and was just coming to a stop at the Mereau driveway.

Conceding the foregoing and offering no contrary evidence, the opponents point to claimed deficiencies or inconsistencies in the moving defendants' proof in an effort to create the illusion of a factual issue. For instance, it is noted that Bouchard, obviously realizing at some point that the truck was not going to stop in time to avoid the collision, did not sound her horn or drive the bus off the side of the road or take other evasive action. Similarly, an obvious misstatement by Bouchard to the effect that it took her approximately seven seconds to travel the 500 feet from the S.P.C.A. to the Mereau residence* has been transformed into evidence that the truck must have been in view at the time when Bouchard pulled onto the highway. We conclude that none of this "evidence" is sufficient to create a legitimate factual issue. Palser "was under a duty to maintain a safe distance between the two vehicles *(see,* Vehicle and Traffic Law § 1129 [a]) and his failure to do so, in the absence of an adequate explanation, constituted negligence as a matter of law which caused the accident" *(Rebecchi v Whitmore,* 172 AD2d 600, 602; *see, Edney v Metropolitan Suburban Bus Auth.,* 178 AD2d 398; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572, 573).

Levine, J. P., Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motions granted, summary judgment awarded to defendants Board of Education of the Ogdensburg City School District, Wesley Stitt, Lyle H. Flack Bus Lines, Ltd. and Gail G. Bouchard, and complaints and cross claims dismissed against said defendants.

---

* Crediting Bouchard's undisputed testimony that her speed did not exceed 10 miles per hour (15 feet per second), she could not have reached the Mereau residence in less than 33 seconds. During the same time period, a truck driven at 55 miles per hour (81 feet per second) would have traveled 2,673 feet.