■ Dean I. Maxwell, Respondent, v Eric Lobenberg, Applicant, and Curtis Boyd, Jr., Respondent. [643 NYS2d 186] —In an action to recover damages for personal injuries, the defendant Eric Lobenberg appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated November 23, 1994, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendant Eric Lobenberg's motion is granted, the complaint and all cross claims insofar as asserted against him are dismissed, and the action against the remaining defendant is severed.

The plaintiff was a passenger in the defendant Eric Lobenberg's vehicle. While traveling in the center lane of the Belt Parkway, Lobenberg's vehicle hit a patch of ice at the crest of a hill, and went into a skid. Lobenberg steered in the direction of the skid, and managed to straighten his vehicle so that it was once again in the center lane. At that point, Lobenberg looked in his rear view mirror and observed a vehicle, alleged by the plaintiff to be the defendant Curtis Boyd's vehicle, coming down the hill in a skid. As Lobenberg's vehicle continued forward in the center lane without full traction it was struck in the rear by Boyd's vehicle.

We agree with Lobenberg that even if he initially failed to exercise reasonable care in failing to maintain control of his

vehicle, any such lack of care was not a contributing cause of the accident, and thus, he was entitled to summary judgment. The operator of the second vehicle was under a duty to maintain a safe distance between the two vehicles (*see,* Vehicle and Traffic Law § 1129 [a]), and his failure to do so constituted negligence as a matter of law which was the sole cause of the accident (*see, Marlow v Board of Educ.,* 182 AD2d 889; *Rebecchi v Whitmore,* 172 AD2d 600). Any claim that Lobenberg could have avoided the accident if his vehicle had regained full traction was not supported by admissible evidence and is based on pure speculation. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.