*760 OPINION OF THE COURT
Richard Tolchin, J.
Motion by defendant Gladstone seeking summary judgment and dismissal of the complaint as against him is decided as follows:
Pursuant to the undisputed facts as set forth in the amended summons and complaint dated January 20, 1997, on February 26, 1994 plaintiff was a passenger in a motor vehicle operated by defendant Scates and owned by defendant Nicastri. While travelling on the Triboro Bridge in the Queens-bound lane, the Nicastri automobile, in which plaintiff was a passenger, came into contact with defendant Gladstone’s vehicle when the Nicastri car hit the Gladstone vehicle in the rear.
The procedural events in the within action are not in dispute. After the aforementioned collision, on or about September 8, 1994, plaintiff commenced an action against defendant Gladstone seeking to recover for the injuries allegedly sustained as a result of this incident. On November 15, 1994, defendant Gladstone’s former attorney served and filed an answer. On December 28, 1994 plaintiff served a verified bill of particulars. Thereafter, on July 17, 1995 a notice of trial was filed in this action. On January 20, 1997 plaintiff served an amended summons and complaint adding codefendants Nicastri and Scates as defendants. On March 6, 1997, defendant Gladstone served an amended answer including cross claims against the codefendants herein. Subsequently, on May 16, 1997, the within action was marked "off calendar”. Now, on a motion dated August 14, 1997 and submitted on September 8, 1997, defendant Gladstone seeks summary judgment and dismissal of this action as against him.
In support of this motion, defendant Gladstone’s attorney has submitted portions of plaintiff’s examination before trial. Movant claims that pursuant to the facts herein, summary judgment is warranted as no liability can be imposed against defendant Gladstone. Plaintiff rests his sole opposition to this application on the theory that this application is untimely, citing CPLR 3212 (a). Codefendants Nicastri and Scates have not responded to this motion.
In an effort to prevent the submission of summary judgment motions on the eve of trial, in 1996, the Legislature amended CPLR 3212 (a) to take effect January 1, 1997. Said section provides: "Any party may move for summary judgment in any action, after issue has been joined; provided however, that the *761 court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of a note of issue. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.” Plaintiff contends that this motion should not be considered in that it was not made within the 120-day time frame enunciated in CPLR 3212 (a). Thus, this court is faced with two issues. Initially, is the application of CPLR 3212 (a) retroactive? And secondly, does the fact that this action was marked "off calendar” render this motion timely?
Courts are divided as how to apply the amendment to cases in which the notice of trial was filed prior to the statute’s effective date. In Auger v State of New York (171 Misc 2d 866) and Citibank v Olson (NYLJ, June 18, 1997, at 32, col 3 [Sup Ct, Richmond County]), it was held that the amendment does not affect a substantive right of a party and that, accordingly, it should be given retroactive effect. In Tananbaum v Huntington Hosp. (NYLJ, June 2, 1997, at 34, col 3 [Sup Ct, Suffolk County]), it was held that the 120-day period begins to run from the statute’s effective date, January 1, 1997, in all actions in which the note of issue was filed before January 1, 1997 (see also, Moreno v Pilevsky, NYLJ, July 29, 1997, at 22, col 1 [Sup Ct, NY County]). This court agrees with the approach adopted by the courts in Tananbaum and Moreno. Therefore, movant’s assertion that CPLR 3212 (a) should not be applied retroactively is rejected. To ensure that a movant is in compliance with CPLR 3212 (a) in cases where the notice of trial was filed before January 1, 1997, motions for summary judgment must have been made on or before May 1, 1997. In this case, the application was not made within the above-stated time period. The court must now address the question of whether the act of marking this case "off calendar” extended the time to make such motion.
When a case is marked "off calendar” it cannot be restored until a notice of motion requesting restoration is submitted. A decision resulting from such application requires that the movant file a new notice of trial and the case be placed on the general Trial Calendar in its regular place as of the date of filing the new notice of trial, unless the court in its discretion orders otherwise (Uniform Rules for Trial Cts [22 NYCRR] § 208.14 [d]). During the period when the case is "off calendar”, there being no extant statement of readiness, the discovery process may continue. The effect of being marked "off calendar” therefore is synonymous with the striking of the notice of trial.
*762 As previously stated, the amendment to CPLR 3212 (a) was enacted to prevent summary judgment motions from being made on the eve of trial and thus delay the day of trial. When this case was marked "off calendar” and a new notice of trial not yet filed, the original notice of trial was thereby rendered a nullity. There being no viable Notice of Trial on file herein, the present motion cannot be regarded as one made "on the eve of trial” and violative of the 120-day rule. Accordingly, defendant Gladstone’s motion for summary judgment is timely made and the court may properly address the merits of defendant Gladstone’s application.
Summary judgment is a drastic remedy which should only be granted where there does not exist any triable question. As is so often stated, issue finding, rather than issue determination, is the test (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). Here, it is undisputed that plaintiff was a passenger in an automobile which struck movant’s vehicle in the rear. The deposition testimony of plaintiff states that the host vehicle was travelling at a speed of about 35 miles per hour and that defendant Gladstone’s vehicle was stopped in front of the host vehicle when it struck Gladstone’s vehicle. Although negligence cases do not generally lend themselves to resolution by summary judgment, such a motion will be granted where the facts clearly point to the negligence of one party without any culpable conduct by the other. Even if it were to be assumed that defendant’s actions where somehow improper, plaintiff still bears the responsibility of demonstrating that movant’s negligence was a substantial cause of the events that produced the injury (Barnes v Lee, 158 AD2d 414). Here, plaintiff has offered no evidence to raise any triable issue which would require denial of this motion,
Accordingly, upon the papers submitted herein, defendant Gladstone’s motion for summary judgment is granted and the action against defendant Gladstone is dismissed.