■ JENNIFER OLZASKI, an Infant, by Her Mother and Natural Guardian, FRANCINE OLZASKI, et al., Respondents, v LOCUST VALLEY CENTRAL SCHOOL DISTRICT et al., Appellants. [681 NYS2d 345] —In an action, *inter alia,* to recover damages for the negligent infliction of emotional distress, etc., the defendants Locust Valley Central School District and Louis Barlow appeal from an order of the Supreme Court, Nassau County (Lally, J.), dated November 5, 1997, which denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the Locust Valley Central School District.

Ordered that the appeal by Louis Barlow is dismissed, as he is not aggrieved by the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Locust Valley Central School District; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal by Louis Barlow must be dismissed since he is not aggrieved by the order appealed from. In addition, that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against him for lack of jurisdiction over his person was not decided by the order appealed from (*see, Katz v Katz,* 68 AD2d 536, 542-543).

The complaint contains several causes of action including causes of action premised in whole or in part on certain allegations made by the infant plaintiff relating to what is commonly referred to as "AIDS phobia". A note of issue was filed on November 12, 1996. The defendants did not make the present motion for summary judgment, which related to the "AIDS phobia" claims only, until August 1, 1997. The Supreme Court denied the motion as untimely. We affirm.

Pursuant to CPLR 3212 (a), as amended effective January 1, 1997 (*see,* L 1996, ch 492), the general rule is that a motion for summary judgment should be made within 120 days after the filing of a note of issue, "except with leave of court on good cause shown" (CPLR 3212 [a]). Although the note of issue in this case was filed before the effective date of the amendment referred to above, we have held that, in such cases, the amendment nonetheless applies. This is not a retroactive application of the amendment, however, because in such cases the 120-day deadline will be measured from the effective date of the amendment, rather than from the earlier date of the filing of the note of issue (*see, Krug v Jones,* 252 AD2d 572; *see also, Gray v Miller,* 248 AD2d 1000; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *Auger v State of New York,* 236 AD2d 177). Thus, the defendants' motion was untimely.

Although the court may excuse the violation of this deadline for good cause, we agree with the Supreme Court that good cause has not been shown in this case. The defendants failed to offer any valid excuse for the delay, and, in its motion, it addressed the "AIDS phobia" claim only, neglecting the remaining causes of action. Under these and all the other circumstances presented, we see no basis to interfere with the discretion of the Supreme Court, which is entitled to wide latitude with respect to this issue (*see, Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778). Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.