■ CRAIG A. BONO, Appellant, v CARMEN M. BARZALLO et al., Respondents. [688 NYS2d 655] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated December 5, 1997, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

It is now established that, in a case where the note of issue was filed before January 1, 1997, that is, before the effective date of chapter 492 of the Laws of 1996 which amended CPLR 3212 (a), a motion for summary judgment should, in general, be made within 120 days after January 1, 1997 (*see, e.g., Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320; *Wade v Byung Yang Kim,* 250 AD2d 323; *Krug v Jones,* 252 AD2d 572; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *Auger v State of New York,* 236 AD2d 177). In the present case, the note of issue was filed in 1995, yet the defendant's motion was not made until August 25, 1997. Nonetheless, we find that the motion was not untimely pursuant to CPLR 3212 (a), in light of the fact that the 1995 note of issue was, in essence, nullified when the plaintiff's action was removed from the trial calendar on April 29, 1997 (*see, Attilio v Gladstone,* 174 Misc 2d 759). Therefore, the Supreme Court did not err in entertaining the defendants' motion on the merits, and properly granted the motion. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.