(November 20, 2000)

■ HELEN ALEXANDER et al., Appellants, v CITY OF NEW YORK, Respondent. [716 NYS2d 103] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated November 22, 1999, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where a note of issue was filed before January 1, 1997, that is, before the effective date of chapter 492 of the Laws of 1996 which amended CPLR 3212 (a), a motion for summary judgment should, in general, be made within 120 days after January 1, 1997 (*see, Bono v Barzallo,* 260 AD2d 592; *Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320). Here, the note of issue was filed on May 9, 1996, and the defendant's motion for summary judgment was not made until August 2, 1999. However, since the 1996 note of issue was, in essence, nullified when the plaintiffs' action was removed from the trial calendar due to the unavailability of their expert in July 1999, the motion for summary judgment was timely pursuant to CPLR 3212 (a) (*see, Bono v Barzallo, supra*; *Attilio v Gladstone,* 174 Misc 2d 759). Accordingly, the Supreme Court did not err in deciding the defendant's motion on the merits.

Furthermore, the plaintiffs failed to raise a triable issue of fact to defeat the defendant's prima facie showing of entitlement to judgment as a matter of law, since there was no evidence presented that the defendant either created the alleged ice patches in the parking lot where the injured plaintiff fell, or that it had actual or constructive notice of the existence of the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Davis v City of New York,* 255 AD2d 356). Thus, the

Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.