OPINION OF THE COURT
Memorandum.
Order unanimously modified by granting defendant’s motion to dismiss the complaint; as so modified, affirmed without costs.
After receipt of a 90-day demand pursuant to CPLR 3216, plaintiff failed to comply by either moving to restore the case before the expiration of the 90-day period, or moving to vacate the notice or to extend the 90-day period. Moreover, plaintiff failed to provide a reasonable excuse to justify the delay in responding to the demand. Accordingly, defendant’s motion to dismiss the complaint should have been granted. Contrary to plaintiff’s contention, the 90-day demand pursuant to CPLR 3216 was appropriate (see Cascio v O’Daly, 221 AD2d 494). The striking of a case from the trial calendar in the Civil Court, unlike the Supreme Court, is deemed in essence as nullifying the notice of trial (see 22 NYCRR 208.14; Attilio v Gladstone, 174 Misc 2d 759; cf. Basetti v Nour, 287 AD2d 126, 132 [“A case marked off pursuant to CPLR 3404 does not automatically result in the vacatur of the note of issue”]). Thus, in the Civil Court, the case is effectively returned to its prenotice of trial status and therefore subject to CPLR 3216 (cf. Lopez v Imperial Delivery Serv., 282 AD2d 190).
For the foregoing reasons, plaintiff’s cross motion to restore the case to the trial calendar was properly denied. We note that the court erroneously denied plaintiffs cross motion as moot on the ground that the action had been “restored” by plaintiffs filing of a notice of trial, after the case was struck from the calendar on October 19, 2000, upon plaintiffs failure to appear. The purported restoration of the case to the calendar upon plaintiffs mere filing of a notice of trial, without a court order granting restoration, was a nullity (see 22 NYCRR 208.14 [c], [d]) and plaintiffs cross motion to restore was therefore not moot.
Pesce, P.J., Aronin and Patterson, JJ., concur.