■ ANGELINE FITZGERALD, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and HARRISON WARNER, Respondent. [769 NYS2d 300]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, and John A. Gordon appeal from an order of the Supreme Court, Kings County

(Hutcherson, J.), dated April 30, 2002, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

The accident at issue involved a collision between a bus owned by the New York City Transit Authority (hereinafter the NYCTA) and driven by the defendant John Gordon (hereinafter the NYCTA defendants), and a car driven by the codefendant Harrison Warner. The plaintiff was a passenger on the bus when the accident occurred. It is undisputed that at the time of the impact the bus was stopped partially in a bus stop, angled so that its rear section protruded into, and obstructed, a lane of moving traffic. Warner stated at his examination before trial that his car had been traveling about two car lengths behind the bus when the bus's brake lights went on, it signaled right, and it started to move into the right parking lane, where the bus stop was located. Warner stated that he applied his brakes to slow down when he saw the rear lights of the bus go on, and that he hit his brakes hard when he realized the bus had suddenly stopped without completing its lane change.

The fact that a codefendant might be negligent as a matter of law for rearending a stopped vehicle does not mean that the operator of the stopped vehicle was necessarily free of negligence (*see e.g. Lenahan v Goucher,* 65 NY2d 1034 [1985], *revg on dissent of Yesawich, J.,* 111 AD2d 546, 548 [1985]; *Heal v Liszewski,* 294 AD2d 911 [2002]; *Purcell v Axelsen,* 286 AD2d 379 [2001]; *Colonna v Suarez,* 278 AD2d 355 [2000]; *Mundo v City of Yonkers,* 249 AD2d 522 [1998]; *Niemiec v Jones,* 237 AD2d 267 [1997]). Under the circumstances of this case, the Supreme Court properly denied summary judgment to the NYCTA defendants because questions of fact were raised as to whether the bus was operated in a negligent manner and, if so, whether that negligence contributed to the accident. S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.