■ Daniel Moran, Respondent, v Pritam Singh et al., Appellants, et al., Defendant. [782 NYS2d 284]—

In an action to recover damages for personal injuries, the defendants Pritam Singh and Balwinder Singh appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated January 29, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for summary judgment on the issue of liability against them.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a taxi owned by the defendant Pritam Singh and operated by the defendant Balwinder

Singh, when it was struck in the rear by a vehicle owned and operated by the defendant Neville Bonitto. The Singh defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that Bonitto was solely at fault in causing the accident, and the plaintiff cross-moved for summary judgment on the issue of liability against the Singhs. The Supreme Court denied the motion and granted the cross motion. We affirm.

A rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator (see Shamah v Richmond County Ambulance Serv., 279 AD2d 564 [2001]; Leal v Wolff, 224 AD2d 392 [1996]). The operator is required to rebut the inference of negligence created by the unexplained rear-end collision (see Pfaffenbach v White Plains Express Corp., 17 NY2d 132, 135 [1966]) since the operator of the moving vehicle is in a better position to excuse the collision through a reasonable cause (see Barile v Lazzarini, 222 AD2d 635 [1995]).

It is undisputed that Bonitto's vehicle struck the Singh vehicle in the rear. However, the plaintiff adequately rebutted the inference that Bonitto was solely at fault by the evidentiary showing that Balwinder Singh stopped his vehicle suddenly in mid-block without warning (see Fitzgerald v New York City Tr. Auth., 2 AD3d 577 [2003]; Colonna v Suarez, 278 AD2d 355 [2000]). Indeed, the police accident report contained an admission by Balwinder Singh that he stopped suddenly causing the Bonitto vehicle to hit him in the rear (see Guevara v Zaharakis, 303 AD2d 555 [2003]; Ferrara v Poranski, 88 AD2d 904 [1982]).

Therefore, the Supreme Court properly denied the Singh defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for summary judgment on the issue of liability as against the Singh defendants. Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.