■ CHRISTOPHER J. BRODIE et al., Appellants, v GLOBAL ASSET RECOVERY, INC., et al., Respondents. [783 NYS2d 832]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated November 18, 2003, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Harriott v Pender, 4 AD3d 395 [2004]; Hollis v Kellog, 306 AD2d 244 [2003]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by showing that the defendants' vehicle struck the rear of their stopped vehicle. However, the defendants rebutted the plaintiffs' prima facie showing by adducing evidence that the plaintiffs' van suddenly stopped in a lane of travel, thus contributing to the accident (see Drake v Drakoulis, 304 AD2d 522 [2003]; Rosa v Colonial Tr., 276 AD2d 781 [2000]; Maschka v Newman, 262 AD2d 615 [1999]).

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.