■ BEVERLY RICHARDS, Respondent, v MANLEY DRIVING SCHOOL, INC., et al., Respondents-Appellants, and JIM SMITH CHEVROLET, INC., et al., Appellants-Respondents. [811 NYS2d 746]—

In an action to recover damages for personal injuries, the defendants Jim Smith Chevrolet, Inc., and Joseph Spero appeal from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 25, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendants Manley Driving School, Inc., and Jacquelyne Robinson cross-appeal from so much of the same order as denied their motion for summary judgment on the issue of liability and for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff by the defendants appearing separately and filing separate briefs.

While we affirm the order of the Supreme Court, we do so on grounds other than those relied upon by the Supreme Court. Contrary to the Supreme Court's finding, the defendants failed on their separate motions to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]).

With respect to that branch of the motion of the defendants Manley Driving School, Inc. (hereinafter Manley), and Jacquelyne Robinson which was for summary judgment on the issue of liability arising out of the instant rear-end collision, those defendants established their prima facie burden on that branch of their motion since they submitted evidence establishing that the vehicle owned by the defendant Jim Smith Chevrolet, Inc., and driven by the defendant Joseph Spero rear-ended the vehi-

cle owned by the defendant Manley, in which the plaintiff was a passenger, while it was either stopped or stopping (*see Briceno v Milbry,* 16 AD3d 448 [2005]). In opposition, the defendants Jim Smith Chevrolet, Inc., and Joseph Spero established an issue of fact under the particular facts of this case as to whether the driver of the vehicle owned by Manley was at fault for allegedly suddenly stopping and thus contributing to the accident (*see Brodie v Global Asset Recovery, Inc.,* 12 AD3d 390 [2004]; *see also DeCosmo v Hulse,* 204 AD2d 953 [1994]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.