■ MICHELLE DELAYHAYE et al., Respondents, v CALEDONIA LIMO & CAR SERVICE, INC., et al., Appellants, and NAKIA TRENT GRIFFIN et al., Respondents. [856 NYS2d 142]—

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Ahmad v Grimaldi*, 40 AD3d 786 [2007]; *see Russ v Investech Sec.*, 6 AD3d 602 [2004]). Here, the defendants Caledonia Limo & Car Service, Inc., and Lincoln O. Phillips (hereinafter the defendants) established their prima facie entitlement to judgment as a matter of law on the issue of liability by showing that the vehicle of the codefendants Nakia Griffin and Yaneen Griffin struck the rear of their stopped vehicle. However, in opposition, the codefendants rebutted the prima facie showing by adducing evidence that the defendants' vehicle suddenly and without warning stopped in the lane of traffic without adequate explanation (*see Brodie v Global Asset Recovery, Inc.*, 12 AD3d 390 [2004]; *Moran v Singh*, 10 AD3d 707, 708 [2004]; *Purcell v Axelsen*, 286 AD2d 379, 380-381 [2001]; *Colonna v Suarez*, 278 AD2d 355 [2000]; *Maschka v Newman*, 262 AD2d 615 [1999]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment, in effect, dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.