■ Briana Foti et al., Respondents, v Fleetwood Ride, Inc., et al., Appellants, and City of Mount Vernon et al., Respondents. [871 NYS2d 215]—

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, non-negligent explanation for the accident (*see Hughes v Cai,* 55 AD3d 675 [2008]; *Arias v Rosario,* 52 AD3d 551 [2008]; *Harrington v Kern,* 52 AD3d 473 [2008]; *Delayhaye v Caledonia Limo & Car Serv.,*

*Inc.,* 49 AD3d 588 [2008]; *Klopchin v Masri,* 45 AD3d 737 [2007]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (*Chepel v Meyers,* 306 AD2d 235, 237 [2003]; *see Klopchin v Masri,* 45 AD3d 737 [2007]).

In support of their motion for summary judgment, the appellants submitted deposition testimony which demonstrated that their stopped vehicle was struck in the rear by a vehicle owned and operated, respectively, by the defendants City of Mount Vernon and Lowell E. Anderson. However, the deposition testimony upon which the appellants relied also indicated that their vehicle came to an abrupt stop in the middle of the roadway after the driver was informed that he was headed in the wrong direction. Under these circumstances, there is an issue of fact as to whether the negligent operation of the appellants' vehicle caused or contributed to the accident (*see Boockvor v Fischer,* 56 AD3d 405 [2008]; *Delayhaye v Caledonia Limo & Car Serv., Inc.,* 49 AD3d 588 [2008]; *Klopchin v Masri,* 45 AD3d 737 [2007]; *Morrison v Montzoutsos,* 40 AD3d 717 [2007]; *Brodie v Global Asset Recovery, Inc.,* 12 AD3d 390 [2004]). Mastro, J.P., Florio, Eng and Chambers, JJ., concur.