■ DEBORAH HARRIS et al., Respondents, v AUTO PALACE TRUCK RENTAL & LEASING, INC., et al., Respondents, and WILLIAM ESTERA, Appellant. [916 NYS2d 514]—

In an action to recover damages for personal injuries, etc., the defendant William Estera appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated December 18, 2009, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 2006, a vehicle owned and operated by the defendant William Estera allegedly was struck in the rear by a vehicle operated by the defendant Austin Scully, owned by the defendant Auto Palace Truck Rental & Leasing, Inc., and leased to the defendant Jarican Florist, Inc., doing business as Flowerworks Landscaping. The plaintiffs, three of whom were passengers in the vehicle operated by Estera at the time of the collision, subsequently commenced this action to recover damages, inter alia, for personal injuries allegedly sustained as a result of the collision. As relevant here, the Supreme Court denied Estera's motion for summary judgment dismissing the

complaint and all cross claims insofar as asserted against him. We affirm the order insofar as appealed from.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *see generally Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]; *Maxwell v Lobenberg*, 227 AD2d 598, 598-599 [1996]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Klopchin v Masri*, 45 AD3d 737 [2007]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (*Foti v Fleetwood Ride, Inc.*, 57 AD3d 724, 725 [2008] [internal quotation marks omitted]; *see Chepel v Meyers*, 306 AD2d 235, 237 [2003]).

The Supreme Court properly denied Estera's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Although, in support of his motion, Estera submitted deposition testimony which demonstrated that his vehicle was struck in the rear, the deposition testimony also indicated that his vehicle came to an abrupt stop at a green light, in the middle of an intersection, in order to pick up a passenger. Accordingly, a triable issue of fact exists as to whether Estera's alleged negligent operation of his vehicle caused or contributed to the accident (*see Foti v Fleetwood Ride, Inc.*, 57 AD3d at 725; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Klopchin v Masri*, 45 AD3d at 738). Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.