■ AMY M. GLEASON, Respondent, v ALFREDO M. VILLEGAS et al., Appellants. [917 NYS2d 890]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 20, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

On August 1, 2008, the plaintiff allegedly was injured when the defendants' vehicle struck her vehicle in the rear as the plaintiff stopped before making a left turn onto Oak Road from Noyack Road in Southampton. After the plaintiff commenced this action and the defendants answered, the plaintiff moved for summary judgment on the issue of liability, asserting that there was no nonnegligent explanation for the rear-end collision.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *see generally Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]; *Maxwell v Löbenberg*, 227 AD2d 598, 598-599 [1996]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Klopchin v Masri*, 45 AD3d 737 [2007]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (*Foti v Fleetwood Ride, Inc.*, 57 AD3d 724, 725 [2008] [internal quotation marks omitted]; *see Chepel v Meyers*, 306 AD2d 235, 237 [2003]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability based on the plaintiff's affidavit and the certified police accident report.

In opposition, the defendants came forward with a nonnegligent explanation for the accident. The affidavit of the defendant driver raised a triable issue of fact as to whether the plaintiff, as the driver of the lead vehicle, contributed to the accident by making a sudden stop and/or by failing to give a proper left-turn signal in compliance with Vehicle and Traffic Law § 1163 (*see Costa v Eramo*, 76 AD3d 942, 943 [2010]; *Klopchin v Masri*, 45 AD3d at 738; *Drake v Drakoulis*, 304 AD2d 522, 522-523 [2003]; *Maschka v Newman*, 262 AD2d 615, 616 [1999]). Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been denied. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.