■ HELEN DARRAS, Respondent, v PATRICIA ROMANS et al., Respondents, and GERALDINE GALLO, Appellant. [925 NYS2d 140]—

In an action to recover damages for personal injuries, the de-

fendant Geraldine Gallo appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated January 21, 2010, as denied her cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and granted, without opposition, that branch of the motion of the defendant Frank Darras which was for summary judgment dismissing her cross claim against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Frank Darras which was for summary judgment dismissing the appellant's cross claim against him is dismissed, as the appellant did not oppose that motion and, therefore, was not aggrieved by that portion of the order (see CPLR 5511; Ciaccio v Germin, 138 AD2d 664, 665 [1988]; see generally Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff and the defendants Frank Darras and Patricia Romans alleged that the vehicle operated by the appellant, the defendant Geraldine Gallo, came to a sudden stop in the middle of an intersection in order to make an illegal U-turn, causing a rear-end collision between the vehicles driven by Darras and Romans. Darras, who followed the appellant into the intersection, testified at his deposition that he stopped very abruptly as a result of the appellant's sudden stop, but was able to bring his vehicle to a complete stop behind the appellant's vehicle without colliding with it. Darras's vehicle, in which the plaintiff was a passenger, was then struck in the rear by Romans's vehicle.

The plaintiff commenced this action to recover damages for personal injuries, and Darras moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Subsequently, the appellant, who denied making a stop in the intersection, cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court granted Darras's motion, and denied the appellant's cross motion as procedurally defective. We affirm the Supreme Court's order insofar as reviewed, but on a different ground.

The Supreme Court erred in denying the appellant's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her on the ground that it was incorrectly labeled a cross motion. The appellant properly labeled her motion a cross motion since, in addition to the sum-

mary judgment relief she sought against the plaintiff, she also sought to dismiss the cross claims against her. Thus, she sought affirmative relief against the moving party, the defendant Darras, and accordingly properly denominated her motion a cross motion (*see* CPLR 2215; *see generally D'Alto v 22-24 129th St., LLC*, 76 AD3d 503 [2010]; *cf. Terio v Spodek*, 25 AD3d 781, 785 [2006])

Turning to the merits, the appellant failed to establish her prima facie entitlement to judgment as a matter of law. The evidence submitted in connection with her motion revealed the existence of triable issues of fact as to whether she stopped abruptly in the middle of the intersection in order to make a U-turn in violation of Vehicle and Traffic Law § 1111 (a) (2), and whether such conduct set in motion a foreseeable chain of events that resulted in the collision between the vehicles operated by Darras and Romans (*see Aguilar v Alonzo*, 66 AD3d 927, 928 [2009]; *see also Tutrani v County of Suffolk*, 10 NY3d 906, 907-908 [2008]; *Harris v Auto Palace Truck Rental & Leasing, Inc.*, 81 AD3d 691, 692 [2011]). Accordingly, the appellant's cross motion should have been denied on the merits (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Hall, Lott and Cohen, JJ., concur.