■ LAWRENCE POLLARD, Respondent, v INDEPENDENT BEAUTY & BARBER SUPPLY Co. et al., Appellants. [942 NYS2d 360]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 4, 2011, as granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

A rear-end collision with a stopped or stopping vehicle creates

a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Parra v Hughes*, 79 AD3d 1113, 1114 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Volpe v Limoncelli*, 74 AD3d 795 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence that the defendants' vehicle struck his vehicle in the rear as it was stopped at a red light. However, in opposition, the defendants raised a triable issue of fact as to whether the plaintiff's negligence caused or contributed to the accident through the affidavit of the defendant Jerome Ford, the driver of the defendants' vehicle. Ford averred that the plaintiff's vehicle began to proceed when the light turned green, but then stopped suddenly and without warning in the intersection despite the fact that it was clear of traffic and pedestrians (*see Vargas v Luxury Family Corp.*, 77 AD3d 820, 821 [2010]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Richards v Manley Driving School, Inc.*, 27 AD3d 443, 444 [2006]; *Taveras v Amir*, 24 AD3d 655 [2005]; *Brodie v Global Asset Recovery, Inc.*, 12 AD3d 390 [2004]; *Moran v Singh*, 10 AD3d 707, 708 [2004]). Contrary to the plaintiff's assertions, the statements contained in Ford's affidavit were not an attempt to create a feigned issue of fact (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064 [2011]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.