■ RICHARD D. RAIMONDO, Respondent, v ROBERT PLUNKITT et al., Appellants, and ANDREW ANTONE, Respondent. [958 NYS2d 460]—

In an action to recover damages for personal injuries, the defendants Robert Plunkitt and Barbara Plunkitt appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 25, 2011, as granted that branch of the plaintiff's motion which was for

summary judgment on the issue of liability insofar as asserted against them, and denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Robert Plunkitt and Barbara Plunkitt is denied, and those defendants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

This action arises out of a three-car, chain collision accident which occurred on Route 347 in Suffolk County. The plaintiff was the operator of the lead vehicle. The second vehicle was co-owned by the defendants Robert Plunkitt and Barbara Plunkitt (hereinafter together the Plunkitts), and was operated by Robert Plunkitt. The defendant Andrew Antone operated the third vehicle.

"A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]). Here, the Plunkitts satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that their vehicle was stopped behind the plaintiff's vehicle at a red traffic light when it was struck from the rear by the vehicle operated by Antone and propelled into the plaintiff's vehicle (*see Hill v Ackall*, 71 AD3d 829 [2010]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]). In opposition, neither the plaintiff nor Antone raised a triable issue of fact. Antone contended that the motion was premature (*see* CPLR 3212 [f]), but he failed to demonstrate that discovery might have lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the Plunkitts (*see Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the Plunkitts, and should have granted the Plunkitts' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.