■ AGUSTIN FERNANDEZ, Respondent, v BABYLON MUNICIPAL SOLID WASTE et al., Appellants. [985 NYS2d 289]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Woodard, J.), entered December 13, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when his vehicle was struck in the rear by a vehicle owned by the defendant Babylon Municipal Solid Waste and operated by the defendant Charles Catania. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Raimondo v Plunkitt,* 102 AD3d 851, 852 [2013]; *Kertesz v Jason Transp. Corp.,* 102 AD3d 658 [2013]).

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability. Although the plaintiff's affidavit in support of the motion demonstrated that his vehicle was struck in the rear, thus raising an inference of Catania's negligence, the plaintiff's submissions, which included a transcript of Catania's deposition testimony, revealed a triable issue of fact as to whether Catania had a nonnegligent explana-

tion for the collision. Catania testified at his deposition that his vehicle was stopped at a traffic light at a distance of approximately eight feet behind the plaintiff's vehicle. When the light changed to green, Catania maintained a safe distance between the two vehicles, but the plaintiff came to an abrupt stop for no apparent reason when there was no pedestrian or vehicular traffic in front of it, and the two vehicles collided. Under these circumstances, a triable issue of fact exists (*see Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845 [2012]; *Harris v Auto Palace Truck Rental & Leasing, Inc.*, 81 AD3d 691 [2011]; *cf. Robayo v Aghaabdul*, 109 AD3d 892 [2013]; *Arias v Rosario*, 52 AD3d 551 [2008]).

Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, his motion should have been denied regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.