■ MARTIN AMADOR, Respondent, v CITY OF NEW YORK et al., Appellants. [991 NYS2d 637]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 21, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff allegedly sustained personal injuries when a vehicle he was driving was struck in the rear by a vehicle owned by the defendants City of New York and New York City Department of Sanitation (hereinafter together the municipal defendants) and operated by the defendant Joseph R. Esposito, Jr. The plaintiff commenced this action against the municipal defendants and Esposito to recover damages for his personal injuries. The plaintiff moved for summary judgment on the issue of liability and the Supreme Court granted the motion.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (*Chepel v Meyers*, 306 AD2d 235, 237 [2003]; *see Ramos v TC Paratransit*, 96 AD3d 924 [2012]; *Vargas v Luxury Family Corp.*, 77 AD3d 820 [2010]; *Foti v Fleetwood Ride, Inc.*, 57 AD3d 724 [2008]). There can be more than one proximate cause of an accident, and the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a

matter of law (*see Burnett v Reisenauer*, 107 AD3d 656 [2013]; *Jones v Vialva-Duke*, 106 AD3d 1052, 1053 [2013]).

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability. Although the transcript of the plaintiff's General Municipal Law § 50-h hearing testimony, which was submitted in support of the motion, demonstrated that his vehicle was struck in the rear as it was coming to a stop, the transcript of the deposition testimony of Esposito, which the plaintiff also submitted in support of the motion, failed to eliminate triable issues of fact as to whether the plaintiff was free from comparative fault. According to Esposito, the plaintiff's vehicle came to an abrupt stop for no apparent reason as it was approaching an intersection with the traffic light in its favor (*see Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845 [2012]; *Harris v Auto Palace Truck Rental & Leasing, Inc.*, 81 AD3d 691 [2011]). Since the plaintiff failed to meet his prima facie burden, we need not review the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.