■ Babatunde Salako, Plaintiff, v Nassau Inter-County Express et al., Respondents, and Joseph P. Scaduto et al., Appellants. [15 NYS3d 444]——

In an action to recover damages for personal injuries, the defendants Joseph P. Scaduto and Patricia J. Scaduto appeal from an order of the Supreme Court, Queens County (Sampson, J.), entered September 9, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906 [2008]; *Drakh v Levin*, 123 AD3d 1084 [2014]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Ahmad v Grimaldi*, 40 AD3d 786 [2007]; *Purcell v Axelsen*, 286 AD2d 379 [2001]). Here, the defendants Joseph P. Scaduto and Patricia J. Scaduto (hereinafter together the Scadutos) demonstrated their prima facie entitlement to judgment as a matter of law by submitting Patricia J. Scaduto's affidavit reciting that her vehicle was stopped behind other cars at a red light for some 15 to 20 seconds when it was struck in the rear by a

bus owned by the defendants Nassau Inter-County Express and Veolia Transportation, Inc., and operated by the defendant Darlene Saunders (hereinafter collectively the bus defendants).

Although the plaintiff did not oppose the motion, the bus defendants raised a triable issue of fact as to whether the Scadutos were at fault in the happening of the accident by submitting the affidavit of Saunders, who averred that the collision occurred because the Scadutos' vehicle abruptly and unexpectedly stopped in the roadway with no warning and for no apparent reason, even though traffic was moving well and nothing was blocking its progress (*see e.g. Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Darras v Romans*, 85 AD3d 710 [2011]; *Gleason v Villegas*, 81 AD3d 889 [2011]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]). Contrary to the Scadutos' contention, the affidavit of Saunders was not inherently unworthy of belief, nor did other evidence in the case render it incredible as a matter of law. Accordingly, the Supreme Court properly denied the Scadutos' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.