Cesar A. Ubillus-Tambini and Karina Ubillus, Appellants, April 6, 2016
against
Alik Ischakov and Allure Transportation, Inc., Respondents.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered October 14, 2014. The order denied plaintiffs' motion for summary judgment on the issue of liability.




ORDERED that the order is affirmed, without costs.
Plaintiffs commenced this action in Supreme Court, Queens County, to recover for personal injuries allegedly sustained by Cesar A. Ubillus-Tambini (the injured plaintiff) in a motor vehicle accident. Plaintiff Karina Ubillus asserted a cause of action for loss of services. The matter was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d), and, on June 28, 2013, plaintiffs filed a notice of trial and certificate of readiness in the Civil Court. On May 15, 2014, the matter was marked off the trial calendar. Plaintiffs thereafter moved for summary judgment on the issue of liability, asserting that, inasmuch as defendants' vehicle had struck the injured plaintiff's vehicle in the rear, defendants were negligent as a matter of law. Defendants opposed the motion. By order entered October 14, 2014, the Civil Court denied plaintiffs' motion for summary judgment on the sole ground that the motion was untimely.
"The striking of a case from the trial calendar in the Civil Court . . . is deemed in essence as nullifying the notice of trial . . . [and] the case is effectively returned to its prenotice of trial status" (DeCook v Bruno G.M.C. Truck Sales Corp., 193 Misc 2d 572, 573 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; citing Attilio v Gladstone, 174 Misc 2d 759 [Civ Ct, Bronx County 1997]; see 22 NYCRR 208.14 [d]). As the record before us indicates that plaintiffs have not filed a new notice of trial, plaintiffs' motion for summary judgment was timely.
With respect to the merits of plaintiffs' motion, "a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle" (Gleason v Villegas, 81 AD3d 889, 890 [2011]). Here, defendants raised a triable issue of fact as to the injured plaintiff's negligence by submitting the certified transcript of defendant Alik Ischakov's testimony at an examination before trial that the injured plaintiff's vehicle had come to a sudden stop (see e.g. Bhatia v Cummings, ___ AD3d ___, 2016 NY Slip Op 00918 [2016]; Gleason, 81 AD3d at 890). Consequently, plaintiffs were not entitled to summary judgment on the issue of liability.
Accordingly, the order is affirmed, albeit for reasons other than those stated by the Civil [*2]Court.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 06, 2016