Correa v Cannon (2025 NY Slip Op 04157)

Correa v Cannon

2025 NY Slip Op 04157

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-10550
 (Index No. 701400/23)

[*1]Maria Camila Ospina Correa, et al., respondents,
v
Page L. Cannon, et al., appellants.

Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Dean L. Pillarella of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated September 29, 2023. The order granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability is denied.
On September 29, 2022, the plaintiffs Jeimy Moreno Aguado, Angela Patricia Ospina Tabares, and Laura Camila Perez Munoz were passengers in a vehicle operated by the plaintiff Maria Camila Ospina Correa (hereinafter the plaintiff driver) on the Van Wyck Expressway. A vehicle operated by the defendant Page L. Cannon (hereinafter the defendant driver) and owned by the defendant Hermann Forwarding Co. struck the rear of the plaintiffs' vehicle.
The plaintiffs commenced this action against the defendants to recover damages for personal injuries that they allegedly sustained in connection with the accident. The plaintiffs moved, inter alia, for summary judgment on the issue of liability. In an order dated September 29, 2023, the Supreme Court granted that branch of the plaintiffs' motion. The defendants appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Laureano v EAN Holdings, LLC, 225 AD3d 754, 755 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). Thus, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting an affidavit of the plaintiff driver, which demonstrated that the plaintiffs' vehicle was stopped for a traffic condition ahead when it was struck in the rear by the defendants' vehicle (see Laureano v EAN Holdings, LLC, 225 AD3d at 756; Genao v Cassetta, 214 AD3d 626, 627). However, an affidavit of the defendant driver, submitted in [*2]opposition to the motion, raised triable issues of fact as to how the accident occurred and whether the defendants had a nonnegligent explanation for their vehicle striking the rear of the plaintiffs' vehicle. According to the defendant driver, the plaintiff driver was solely at fault in causing the accident by making a sudden stop for no apparent reason in the middle of their lane of traffic on the highway (see Laureano v EAN Holdings, LLC, 225 AD3d at 757; Salako v Nassau Inter-County Express, 131 AD3d 687; Amador v City of New York, 120 AD3d 526, 527; Chepel v Meyers, 306 AD2d 235, 235-237).
In light of our determination, the defendants' remaining contention is academic.
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court