■ Roberto Gonzalez et al., Appellants, v Jose D. Ayala et al., Respondents. [35 NYS3d 479]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated June 12, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On June 3, 2014, a motorcycle operated by the plaintiff Roberto Gonzalez (hereinafter the plaintiff) came in contact with the rear of a box truck operated by the defendant Jose D. Ayala (hereinafter the defendant driver) and owned by the defendant Diamond Rock Food Imports, Inc., at the intersection of Sunrise Highway and Straight Path in Nassau County. The plaintiff, who allegedly was injured in the accident, and his wife suing derivatively, thereafter commenced this action. The defendants moved for summary judgment dismissing the complaint, arguing that the defendant driver was free from fault in the happening of the accident. The Supreme Court granted the motion and we reverse.

" 'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident' " (*Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015], quoting *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants submitted, inter alia, an affidavit from the defendant driver, and various witness statements verified pursuant to Penal Law § 210.45, which presented conflicting evidence as to how the accident occurred, including a statement that the defendants' vehicle "stop[ped] short at [a] green light [and] the motorcycle . . . had no time to stop or maneuver." Under the circumstances, the defendants failed to eliminate all triable issues of fact as to whether the defendant driver was free from fault in the happening of the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Amador v City of New York*, 120 AD3d 526, 527 [2014]; *Denezzo v Joseph*, 95 AD3d 1060, 1060-1061 [2012]; *Harris v Auto Palace Truck Rental & Leasing, Inc.*, 81 AD3d 691, 692 [2011]; *Gross v Napoli*, 216 AD2d 524, 525 [1995]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Ratnikova v Ziotas*, 134 AD3d 919, 920 [2015]). Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.