Abdenbi v Walgreen Co. (2021 NY Slip Op 04960)





Abdenbi v Walgreen Co.


2021 NY Slip Op 04960


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-09970
 (Index No. 520605/16)

[*1]Omar B. Abdenbi, respondent,
v
Walgreen Co., et al., appellants.


Giordano Glaws & Fenstermacher LLP, New York, NY (Erica W. Fenstermacher of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 18, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In November 2016, the plaintiff, a livery cab driver, commenced this action to recover damages for personal injuries he alleged he sustained in February 2015 when the vehicle he was operating was involved in an accident on the Brooklyn-Queens Expressway with a vehicle operated by the defendant Christopher B. Bowman and owned by the defendants Walgreen Co., Walgreens Family of Companies, and Walgreen Oshkosh, Inc. The plaintiff alleged that the defendants were negligent in, among other things, the ownership and operation of their vehicle. The defendants thereafter moved for summary judgment dismissing the complaint. In an order dated April 18, 2019, the Supreme Court denied the motion. The defendants appeal.
A motion for summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [internal quotation marks omitted]; see Benetatos v Comerford, 78 AD3d 750, 751-752). Here, in support of their motion, the defendants submitted, inter alia, the deposition testimony of Bowman as well as the deposition testimony of the plaintiff. Viewing the evidence in the light most favorable to the plaintiff and giving the plaintiff the benefit of all reasonable inferences that can be drawn from the evidence (see Valentin v Parisio, 119 AD3d 854, 855; see also Bravo v Vargas, 113 AD3d 579, 582), the defendants failed to eliminate all triable issues of fact as to whether Bowman was negligent in the happening of the accident. The plaintiff's version of the accident, as set forth in his deposition testimony, evinced that the vehicle he was driving was struck in the rear as his vehicle was in the middle lane going westbound. Although Bowman admitted in his deposition testimony that his truck and the plaintiff's vehicle collided, in his affidavit, he denied striking the rear of the plaintiff's vehicle and described the happening of the accident as caused by the plaintiff swerving from the right lane into the lane where Bowman's [*2]vehicle was traveling and thus side-swiping Bowman's vehicle.
Since the defendants' submissions demonstrated that there are triable issues of fact as to the happening of the accident and who was at fault (see Gonzalez v Ayala, 141 AD3d 687, 688; Denezzo v Joseph, 95 AD3d 1060, 1060-1061), the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Gonzalez v Ayala, 141 AD3d at 688).
DUFFY, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court