Blake v Francis (2022 NY Slip Op 02974)

Blake v Francis

2022 NY Slip Op 02974

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2019-12652
 (Index No. 500928/18)

[*1]Stefan A. Blake, appellant, 
v
Christopher J. Francis, respondent.

Sacco & Fillas, Astoria, NY (Boris Bernstein of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Alicia Pierre-Louis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 17, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On September 11, 2016, at approximately 1:00 p.m., the plaintiff allegedly was injured in a two-car collision at the intersection of Ralph Avenue and Snyder Avenue in Brooklyn. Prior to the collision, the plaintiff was driving northbound on Ralph Avenue and stopped at a red light at the intersection. According to the plaintiff's deposition testimony, when the light turned green, he started moving his vehicle into the intersection to make a left turn onto Snyder Avenue. According to the plaintiff, there were cars in each of the two southbound lanes on Ralph Avenue that did not move forward, and a driver of the car in the innermost southbound lane gestured for the plaintiff to make the left turn. The plaintiff testified that he tried to complete the left turn, and was facing Snyder Avenue when his vehicle was struck by the defendant's vehicle, which was driving southbound on Ralph Avenue. The plaintiff did not see the defendant's vehicle until it was approximately one to two feet away. The plaintiff believed the defendant's vehicle was speeding and had come from an empty parking lane on Ralph Avenue. According to the defendant's deposition testimony, prior to the accident, he was driving southbound in the right lane on Ralph Avenue adjacent to the parking lane, and estimated he was driving at approximately 25 miles per hour. The defendant acknowledged that he did not remember seeing the plaintiff's vehicle making a left turn prior to the collision, that he did not know if his vehicle or the plaintiff's vehicle entered the intersection first, and that he realized there was a collision from hearing the sound.
The plaintiff commenced this action to recover damages for personal injuries. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated October 17, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Tornabene v Seickel, 186 AD3d 645, 646, quoting M.M.T. v Relyea, 177 AD3d 1013, 1013). "Thus, '[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Tornabene v Seickel, 186 AD3d at 646, quoting M.M.T. v Relyea, 177 AD3d at 1013 [internal quotation marks omitted]). Further, "'[w]hile the [*2]driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles'" (Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1085, quoting Miron v Pappas, 161 AD3d 1063, 1064).
Here, although the defendant submitted evidence that the plaintiff failed to yield the right-of-way when turning left in violation of Vehicle & Traffic Law § 1141, the defendant failed to establish, prima facie, that the plaintiff's failure to yield was the sole proximate cause of the collision and that the defendant was free from fault (see Carias v Grove, 186 AD3d 1484; Tornabene v Seickel, 186 AD3d at 646; Calderon-Scotti v Rosenstein, 119 AD3d 722, 724). While testifying, the defendant admitted that he saw nothing out of the ordinary prior to the collision, that he could not recall if he observed the plaintiff's vehicle, and that he only realized that there was a collision from hearing the sound. However, the defendant also testified that he was only driving at approximately 25 miles per hour and was looking straight ahead on a sunny afternoon with no obstructions to his view (see Carias v Grove, 186 AD3d at 1484; Tornabene v Seickel, 186 AD3d at 646). Moreover, the defendant acknowledged that he did not know if his vehicle or the plaintiff's vehicle entered the intersection first. Thus, the defendant's evidentiary submissions failed to eliminate triable issues of fact as to whether the plaintiff's vehicle was already in the intersection as the defendant approached and whether the defendant should have observed the plaintiff's vehicle making a left turn in time to take evasive action to avoid the accident (see Cortes v Ventura, 188 AD3d 487, 488; Calderon-Scotti v Rosenstein, 119 AD3d at 724).
Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court