Golovnya v Artemchenko (2022 NY Slip Op 06789)

Golovnya v Artemchenko

2022 NY Slip Op 06789

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-05995
 (Index No. 509023/19)

[*1]Yelena Golovnya, appellant, 
v
Alisa Artemchenko, respondent, et al., defendant.

William Pager, Brooklyn, NY, for appellant.
James G. Bilello & Associates, Hicksville, NY (Susan J. Mitola of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 6, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Alisa Artemchenko which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Alisa Artemchenko which was for summary judgment dismissing the complaint insofar as asserted against her is denied.
On March 19, 2019, the plaintiff, Yelena Golovnya, allegedly sustained personal injuries and property damage when a vehicle she was operating was involved in a collision on the Belt Parkway in Brooklyn with vehicles operated by the defendant Alisa Artemchenko and the defendant Robert Walton (hereinafter together the defendants). The plaintiff commenced this action, inter alia, to recover damages for personal injuries against the defendants. Artemchenko moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her. In an order dated August 6, 2021, the Supreme Court, inter alia, granted that branch of Artemchenko's motion. The plaintiff appeals.
"Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident" (Elusma v Jackson, 186 AD3d 1326, 1327-1328, quoting Nesbitt v Gallant, 149 AD3d 763, 763). "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Choo v Virginia Transp. Corp., 204 AD3d 743, 744 [internal quotation marks omitted]; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). "[T]he issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Rodriguez v Palacio, 199 AD3d 728 [internal quotations omitted]). However, summary judgment on the issue of liability is not warranted where "the conflicting deposition testimony . . . submitted in support of the motion regarding the manner in which the accident occurred failed to eliminate triable issues of fact as to that issue" (Cho v Demelo, 175 AD3d 1235, 1237; see Cruz v Valentine Packaging Corp., 167 AD3d [*2]707, 708-709).
Here, Artemchenko failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by demonstrating that she was free from fault in the happening of the accident. In support of her motion for summary judgment, Artemchenko submitted, among other things, the deposition testimony of the plaintiff and herself, which presented conflicting accounts of the accident. In light of the parties' conflicting testimony regarding the manner in which the accident occurred, Artemchenko failed to eliminate triable issues of fact as to that issue (see Cho v Demelo, 175 AD3d at 1237; Searless v Karczewski, 153 AD3d 957, 959).
Accordingly, the Supreme Court should have denied that branch of Artemchenko's motion which was for summary judgment dismissing the complaint insofar as asserted against her, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Boulos v Lerner-Harrington, 124 AD3d 709, 710).
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court