Baab v HP, Inc. (2022 NY Slip Op 07042)

Baab v HP, Inc.

2022 NY Slip Op 07042

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-07887
 (Index No. 523601/18)

[*1]John Baab, respondent,
v
HP, Inc., et al., appellants.

Iaconis Fusco, LLP, Malverne, NY (Joseph P. Fusco of counsel), for appellants.
Arze & Mollica, LLP, Brooklyn, NY (Raymond J. Mollica of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated August 31, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In November 2018, the plaintiff commenced this action against the defendant Nicole Ferrari (hereinafter the defendant driver) to recover damages for personal injuries he alleged he sustained in April 2018 when the bicycle that he was riding at or near an intersection in Brooklyn was struck by a motor vehicle operated by the defendant driver. The plaintiff thereafter amended the complaint and added the defendant HP, Inc., the owner of the motor vehicle, as a defendant. The parties were deposed and thereafter the defendants moved for summary judgment dismissing the complaint. In an order dated August 31, 2021, the Supreme Court denied the motion. The defendants appeal. We affirm.
A motion for summary judgment "'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Abdenbi v Walgreen Co., 197 AD3d 1140, 1140, quoting Ruiz v Griffin, 71 AD3d 1112, 1115). Here, in support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the defendant driver, as well as of the plaintiff. Viewing the evidence in the light most favorable to the plaintiff and giving him the benefit of all reasonable inferences that can be drawn from the evidence (see Abdenbi v Walgreen Co., 197 AD3d at 1140; Valentin v Parisio, 119 AD3d 854, 855), the defendants failed to eliminate all triable issues of fact as to whether the defendant driver was negligent in the happening of the accident.
Since the defendants' submissions demonstrated that there are triable issues of fact as to the happening of the accident and who was at fault (see Abdenbi v Walgreen Co., 197 AD3d at 1141; Gonzalez v Ayala, 141 AD3d 687, 688), the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court