Labbee v Willemsen-Fernandez (2023 NY Slip Op 03858)

Labbee v Willemsen-Fernandez

2023 NY Slip Op 03858

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05280
 (Index No. 514979/17)

[*1]Jean Marie Labbee, appellant, 
v
Juan Willemsen-Fernandez, et al., respondents.

Elefterakis, Elefterakis & Panek, New York, NY (Michael S. Marron and Gennaro Savastano of counsel), for appellant.
Richard Freiman & Associates, PLLC, New York, NY (Josue Dorleus and Zena Eldada of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 15, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when he was involved in an automobile accident in Brooklyn. At the time of the accident, the plaintiff was driving directly behind a yellow school bus operated by the defendant Juan Willemsen-Fernandez and owned by the defendant Jofaz Transportation, Inc. The accident occurred at the intersection of Flatbush Avenue and Hillel Place. The plaintiff alleged that the school bus reversed into the plaintiff's vehicle, whereas the defendants claimed that the plaintiff rear-ended the school bus. Following discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated January 15, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121 [internal quotation marks omitted]). Here, through the submission of the transcript of the deposition testimony of Willemsen-Fernandez, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the school bus was struck in the rear by the plaintiff's vehicle, and that Willemsen-Fernandez was free from fault in the happening of the accident. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's assertion that the school bus reversed into his vehicle is speculative in light of the plaintiff's admission that he did not see the school bus actually reverse into his vehicle (see Pivetz v Brusco, 145 AD3d 806, 808).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court