Schmitz v Pinto (2023 NY Slip Op 04983)

Schmitz v Pinto

2023 NY Slip Op 04983

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-02787
 (Index No. 617524/18)

[*1]Edward M. Schmitz, appellant, 
v
Carol A. Pinto, et al., respondents (and a third-party action).

Siben & Siben, LLP, Bayshore, NY (Alan G. Faber of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated March 30, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle in which he was a passenger (hereinafter the plaintiff's vehicle) was making a left turn at an intersection controlled by traffic lights and was struck by a vehicle owned by the defendant Carol A. Pinto and operated by the defendant Peter C. Pinto. The plaintiff's vehicle was owned and operated by his wife, Susan M. Schmitz. The defendants moved for summary judgment dismissing the complaint, arguing that Susan's negligence in failing to yield the right-of-way to the defendants' vehicle as she turned left at the intersection was the sole proximate cause of the accident. In an order dated March 30, 2022, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
"'There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Blake v Francis, 205 AD3d 671, 672, quoting Tornabene v Seickel, 186 AD3d 645, 645 [internal quotation marks omitted]; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). Thus, "'[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Kirby v Lett, 208 AD3d 1174, 1175, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A motion for summary judgment 'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Baab v HP, Inc., 211 AD3d 783, 783, quoting Abdenbi v Walgreen Co., 197 AD3d 1140, 1140 [internal quotation marks omitted]).
"'A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law'" (Shuofang Yang v Sanacore, 202 AD3d at 1121, quoting Vainer v DiSalvo, 79 AD3d 1023, 1024). Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the [*2]opposite direction which is within the intersection or so close as to constitute an immediate hazard." Pursuant to Vehicle and Traffic Law § 1110(a), "[e]very person shall obey the instructions of any official traffic-control device applicable to him [or her]." Pursuant to Vehicle and Traffic Law § 1111(d)(1), a driver, when "facing a steady circular red signal, . . . shall stop at a clearly marked stop line." "'The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield'" (Kirby v Lett, 208 AD3d at 1175, quoting Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951; see Marangoudakis v Suniar, 208 AD3d 1233, 1235). However, "'a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident'" (Kirby v Lett, 208 AD3d at 1175, quoting Shuofang Yang v Sanacore, 202 AD3d at 1122 [internal quotation marks omitted]; see Miles v Walsh, 195 AD3d 924).
Here, viewing the evidence in the light most favorable to the plaintiff, the defendants' submissions, which included the deposition testimony of Susan and Peter, provided conflicting evidence as to the facts surrounding the accident and, therefore, failed to establish, prima facie, the defendants' entitlement to judgment as a matter of law (see Baab v HP, Inc., 211 AD3d at 783). Specifically, Susan testified at her deposition that she entered the subject intersection to turn left when a traffic arrow controlling the left turn was green in her favor. In contrast, Peter testified at his deposition that the traffic light was green in his favor as he approached the subject intersection from the opposite direction. In addition, Peter testified that there was nothing obstructing his view of the intersection as he began to drive through it, and it is undisputed that he then struck the plaintiff's vehicle on the middle portion of the passenger side door. Thus, although the defendants submitted some evidence that Susan failed to yield the right-of-way to the defendants' vehicle at the intersection in apparent violation of Vehicle and Traffic Law § 1141, the evidence submitted by the defendants failed to eliminate triable issues of fact as to whether Peter entered the intersection against a red traffic light in violation of Vehicle and Traffic Law § 1111(d)(1) or, if the traffic light was green in his favor, failed to exercise reasonable care notwithstanding the invitation to proceed by the green light facing him (see Blake v Francis, 205 AD3d at 673; Tornabene v Seickel, 186 AD3d at 646-647; cf. Callahan v Glennon, 193 AD3d 1029). Accordingly, the defendants did not establish, prima facie, that Susan's failure to yield the right-of-way was the sole proximate cause of the accident and that the defendants were themselves free from fault (see Kirby v Lett, 208 AD3d at 1175; Blake v Francis, 205 AD3d at 673; Tornabene v Seickel, 186 AD3d at 646-647).
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court