Lopresti v Estate of Frank L. Galante (2023 NY Slip Op 05720)

Lopresti v Estate of Frank L. Galante

2023 NY Slip Op 05720

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-00366
 (Index No. 600198/19)

[*1]Alyssa Lopresti, appellant, 
v
Estate of Frank L. Galante, etc., defendant, Casey Wheeler, et al., respondents.

Robinson & Yablon, P.C. (Jason Levine, New York, NY, of counsel), for appellant.
McMahon,, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy, Andrew D. Showers, and Gene Novak of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 10, 2022. The order granted the renewed cross-motion of the defendants Casey Wheeler and Grace Moreo for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the renewed cross-motion of the defendants Casey Wheeler and Grace Moreo which was for summary judgment dismissing all cross-claims asserted against them is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Casey Wheeler and Grace Moreo.
On December 26, 2018, the plaintiff was a front seat passenger in a vehicle operated by the defendant Casey Wheeler and owned by the defendant Grace Moreo when the vehicle, which was traveling south on North Delaware Avenue in Lindenhurst, collided with a vehicle that was traveling west on East Hoffman Avenue and operated by Frank L. Galante. The southbound traffic on North Delaware Avenue at its intersection with East Hoffman Avenue was not governed by a traffic sign. The westbound traffic on East Hoffman Avenue at its intersection with Delaware Avenue was governed by a stop sign. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident against Galante, Wheeler, and Moreo. Galante subsequently died, and his estate was substituted for him. In an order dated January 10, 2022, the Supreme Court granted the renewed cross-motion of Wheeler and Moreo for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them. The plaintiff appeals.
"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" [*2](Vainer v DiSalvo, 79 AD3d 1023, 1024). Vehicle and Traffic Law § 1142(a) provides, in pertinent part, that "[e]xcept when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."
A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Orellana v Mendez, 208 AD3d 888, 889; Wolf v Cruickshank, 144 AD3d 1144, 1145). At the same time, "a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision [and] to see what there is to be seen through the proper use of his or her senses" (Ballentine v Perrone, 179 AD3d 993, 994; see De Castillo v Sormeley, 140 AD3d 918, 919). "'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 921, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Mohammed v City of New York, 206 AD3d 988, 989). "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764; see Huai Qiang Ye v Yepes, 208 AD3d 646, 647).
Here, Wheeler and Moreo established their prima facie entitlement to judgment as a matter of law by demonstrating that Galante drove his vehicle into the intersection without yielding the right-of-way to their approaching vehicle, and that his actions were the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Cruz v DiSalvo, 188 AD3d 986, 987; Wolf v Cruickshank, 144 AD3d at 1145; Harris v Linares, 106 AD3d 873). Wheeler was entitled to assume that Galante would obey the traffic laws requiring him to yield (see Exime v Williams, 45 AD3d 633, 634).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that Wheeler could have avoided the accident or was otherwise negligent in the operation of her vehicle were speculative and unsupported by the record (see Cruz v DiSalvo, 188 AD3d at 987; Harris v Linares, 106 AD3d 873).
Accordingly, the Supreme Court properly granted that branch of the renewed cross-motion of Wheeler and Moreo which was for summary judgment dismissing the amended complaint insofar as asserted against them.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court