Soto v Colletta (2024 NY Slip Op 01575)

Soto v Colletta

2024 NY Slip Op 01575

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-04194
 (Index No. 604741/20)

[*1]Melissa Aida Soto, appellant, Brandon
v
Anthony Colletta, et al., respondents.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.
Brand Glick & Brand, P.C., East Meadow, NY (Robert S. Mazzuchin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated May 17, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when a vehicle operated by her was struck by a vehicle owned by the defendant Philip A. Colletta and operated by the defendant Brandon Anthony Colletta (hereinafter the defendant driver). At the time of the accident, the plaintiff's vehicle had exited a parking lot and was turning left onto the adjacent roadway, and the defendant's vehicle was traveling straight on the adjacent roadway. At impact, the front of the defendants' vehicle struck the driver's side door of the plaintiff's vehicle. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's negligent operation of her vehicle was the sole proximate cause of the accident. In an order dated May 17, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (A.B. v Waring, 219 AD3d 1291, 1292, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). Vehicle and Traffic Law § 1143 provides that a driver entering or crossing a roadway "from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." "'[W]hile the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles'" (Blake v Francis, 205 AD3d 671, 673, quoting Miron v Pappas, 161 AD3d 1063, 1064 [internal quotation marks omitted]). "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Blake v Francis, 205 AD3d at 672 [internal quotation marks omitted]; see Ricciardi v Nelson, 142 AD3d 492, 493).
Here, the transcripts of the parties' deposition testimony and other evidence submitted by the defendants in support of the motion demonstrated that the defendant driver was traveling at approximately 35 miles per hour and had only a split second to react before striking the side of the plaintiff's vehicle, which had failed to yield the right of way. The differing deposition testimony as to whether or not the plaintiff entered the roadway from a parking lot entrance controlled by a traffic light need not be resolved to establish that the defendant driver did not act negligently (cf. Bello v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727-728). Accordingly, the defendants established, prima facie, that the plaintiff negligently entered the roadway from a parking lot without yielding the right-of-way to the defendants' vehicle and that such negligence was the sole proximate cause of the accident (see A.B. v Waring, 219 AD3d at 1292-1293; Jeong Sook Lee-Son v Doe, 170 AD3d 973, 975). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant driver was at fault in the happening of the accident.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court