Smith-Joyner v Barahona (2024 NY Slip Op 02718)

Smith-Joyner v Barahona

2024 NY Slip Op 02718

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-01118
2022-01119
 (Index No. 8140/19)

[*1]Tonya R. Smith-Joyner, appellant, 
v
Mauricio E. Barahona, et al., defendants.

Sobo & Sobo, LLP, Middletown, NY (Dylan Grey Rupp of counsel), for appellant.
Keane & Bernheimer, PLLC, Chappaqua, NY (Jason M. Bernheimer of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 24, 2022, and (2) a judgment of the same court dated January 25, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident is denied, the order is modified accordingly, so much of the of the order as, in effect, denied, as academic, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Orange County, for a determination on the merits of that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the vehicle she was operating collided with a vehicle operated by the defendant Mauricio E. Barahona (hereinafter the defendant driver) and owned by the defendant [*2]Karen Barahona, as their respective vehicles were both making right turns from different lanes on North Plank Road onto Route 9W, in Newburgh. Subsequently, the defendants moved for summary judgment dismissing the complaint (1) on the ground that they were not at fault in the happening of the subject accident, and (2) on the alternative ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated January 24, 2022, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident and, in effect, denied, as academic, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Thereafter, a judgment dated January 25, 2022, was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"'There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Blake v Francis, 205 AD3d 671, 672, quoting Tornabene v Seickel, 186 AD3d 645, 646 [internal quotation marks omitted]; see Schmitz v Pinto, 220 AD3d 681, 681). Thus, "'[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Kirby v Lett, 208 AD3d 1174, 1175, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A motion for summary judgment 'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Baab v HP, Inc., 211 AD3d 783, 783, quoting Abdenbi v Walgreen Co., 197 AD3d 1140, 1140 [internal quotation marks omitted]). "A driver has a duty not to merge into a lane of moving traffic until it is safe to do so, and a violation of this duty constitutes negligence as a matter of law " (Ferguson v City of New York, 209 AD3d 981, 982; see Vehicle and Traffic Law § 1128[a]; Choo v Virginia Transp. Corp., 204 AD3d 743, 744).
In support of their motion, the defendants submitted, inter alia, the transcripts of the deposition testimony of the plaintiff, the defendant driver, and the police officer who responded to the scene of accident and prepared the police accident report, as well as the certified police accident report. This evidence, when viewed in the light most favorable to the plaintiff as the nonmoving party (see Stukas v Streiter, 83 AD3d 18), failed to establish, prima facie, that the defendant driver was free from fault in the happening of the accident. The parties' deposition testimony about the happening of the accident conflicted, raising issues of credibility; revealed factual disputes as to how and why the accident occurred; and failed to eliminate all triable issues of fact as to whether the defendant driver was negligent in the happening of the accident, and, if so, whether any such negligence caused or contributed to the accident (see Schmitz v Pinto, 220 AD3d at 682-683; Golovyna v Artemchenko, 210 AD3d 1058, 1059).
Furthermore, the credibility of the plaintiff's assertion, made at her deposition, that she did not make the statement attributed to her in the police accident report was for a jury to determine (see Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 621; Ramos v Rojas, 37 AD3d 291, 292).
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that they were not at fault in the happening of the accident, the Supreme Court should have denied that branch of their motion, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we remit the matter to the Supreme Court, Orange County, for a determination on the merits of that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Chichester v Chichester, 174 AD3d 846, 847).
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court