Joo Seng Saw v Longley (2024 NY Slip Op 03813)

Joo Seng Saw v Longley

2024 NY Slip Op 03813

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-09909
 (Index No. 702489/19)

[*1]Joo Seng Saw, et al., appellants, 
v
Michael J. Longley, et al., respondents.

Sim & DePaola, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Suzanne S. Swanson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered October 24, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Michael J. Longley and Ruan Transportation Management Systems, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2018, a vehicle operated by the plaintiff Joo Seng Saw (hereinafter the injured plaintiff) and owned by the plaintiff Hoay Bing Lim (hereinafter together the plaintiffs) came into contact with a 50-foot steel construction beam that was protruding approximately 2 to 3 feet from the rear of a flatbed trailer of a truck operated by the defendant Michael J. Longley, an employee of the defendant Ruan Transportation Management Systems, Inc. The truck was owned by the defendant Ryder Truck Rental, Inc.
At the time of the accident, Longley was stopped at a red light at an intersection in Queens. The injured plaintiff, who was traveling in the opposite direction as Longley, was attempting to make a left turn when the driver's side of the plaintiffs' vehicle struck the beam. According to Longley, prior to the accident, he had attached a bright orange flag on the beam.
The plaintiffs commenced this action against the defendants, inter alia, to recover damages for personal injuries allegedly sustained by the injured plaintiff. Subsequently, the defendants moved for summary judgment dismissing the complaint. By order entered October 24, 2022, the Supreme Court granted the defendants' motion. The plaintiffs appeal from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Longley and Ruan Transportation Management Systems, Inc.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Lopresti v Estate of Galante, 221 AD3d 798, [*2]799; Yasso v Town of Brookhaven, 219 AD3d 784, 786). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Boulos v Lerner-Harrington, 124 AD3d at 709).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Longley and Ruan Transportation Management Systems, Inc., by demonstrating that Longley was not negligent and that the sole proximate cause of the accident was the injured plaintiff's negligence in turning directly into the beam on the truck (see Seizeme v Levy, 208 AD3d 809, 810; Ming-Fai Jon v Wager, 165 AD3d 1253, 1254; Shashaty v Gavitt, 158 AD3d 830, 831; Hyo Jin Yoon v Guang Chen, 127 AD3d 1023, 1024). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Longley and Ruan Transportation Management Systems, Inc.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court