Pokazanova v Kellyman (2024 NY Slip Op 06573)

Pokazanova v Kellyman

2024 NY Slip Op 06573

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-08605
 (Index No. 506666/18)

[*1]Alexandra. Pokazanova, et al., appellants, 
v
Dwayne D. Kellyman, et al., defendants, Richard P. Snyder, respondent.

William Pager, Brooklyn, NY, for appellants.
James G. Bilello, Hicksville, NY (Susan J. Mitola and Melissa Marano of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 1, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Richard P. Snyder which was for summary judgment dismissing the complaint insofar as asserted against him and denied the plaintiffs' cross-motion for summary judgment on the issue of liability against the defendant Richard P. Snyder.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, Alina P. Maisheva and Alexandra V. Pokazanova, allegedly were injured when a vehicle operated by the defendant Teddy E. Cunningham struck the plaintiffs' vehicle, which was operated by Maisheva and in which Pokazanova was a passenger, at the intersection of Nassau Expressway and Bay Boulevard (hereinafter the subject intersection). Prior to striking the plaintiffs' vehicle, Cunningham's vehicle also struck a vehicle owned and operated by the defendant Richard P. Snyder and a vehicle operated by the defendant Dwayne D. Kellyman. Cunningham allegedly was intoxicated at the time of the accident.
The plaintiffs commenced this action against the defendants to recover damages for personal injuries. The plaintiffs stipulated to a discontinuance of the action insofar as asserted against Cunningham and the defendant Tymel J. Gulley, to whom the vehicle that Cunningham was operating was registered. Thereafter, Snyder moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, contending that Cunningham was the sole proximate cause of the accident. The plaintiffs cross-moved for summary judgment on the issue of liability against Snyder, asserting that Snyder was negligent in making an illegal left turn, which contributed to the accident.
In an order dated November 1, 2021, the Supreme Court, inter alia, granted that branch of Snyder's motion and denied the plaintiffs' cross-motion. In determining the motion and the cross-motion, the court took judicial notice of a July 2018 Google Maps image of the subject intersection that the court found after an independent Internet search during a pretrial proceeding. [*2]The plaintiffs appeal.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Lopresti v Estate of Galante, 221 AD3d 798, 799, quoting McPhaul-Guerrier v Leppla, 201 AD3d 920, 921 [internal quotation marks omitted]; see Garcia v Titus, 223 AD3d 883, 884). "'[T]here can be more than one proximate cause of an accident, and, generally, it is for the trier of fact to determine the issue of proximate cause'" (Salama v Piccirillo, 223 AD3d 692, 693, quoting Guido v Dagnese, 214 AD3d 715, 716; see Hayes v County of Suffolk, 222 AD3d 950, 952). "'A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Schmitz v Pinto, 220 AD3d 681, 681-682, quoting Baab v HP, Inc., 211 AD3d 783, 783 [internal quotation marks omitted]).
Here, Snyder established, prima facie, that he was entitled to judgment as a matter of law dismissing the complaint insofar as asserted against him by demonstrating that Cunningham was the sole proximate cause of the accident (see Lopresti v Estate of Galante, 221 AD3d at 800). While the plaintiffs correctly contend that the Supreme Court should not have taken judicial notice of a Google Maps image of the subject intersection that the court found after an independent Internet search during a pretrial proceeding, the record establishes that Snyder did not make an illegal left turn on the day of the accident and that Snyder's vehicle did not hit the plaintiffs' vehicle (see CPLR 2002; Anyanwu v Anyanwu, 216 AD3d 1128, 1130; Fraser v 147 Rockaway Pkw, LLC, 203 AD3d 894, 895). Snyder and Kellyman both testified at their depositions that the subject intersection had two left-turning lanes, and Maisheva testified at her deposition that the only vehicle that hit the plaintiffs' vehicle was Cunningham's vehicle.
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that Snyder's vehicle hit the plaintiffs' vehicle was unsupported by the record and was speculative, as Pokazanova testified at her deposition that she saw Snyder's vehicle after the collision and that she did not observe the accident (see Lopresti v Estate of Galante, 221 AD3d at 800; Labbee v Willemsen-Fernandez, 218 AD3d 669, 670). Furthermore, Maisheva testified at her deposition that the only vehicle that came in contact with the plaintiffs' vehicle was the vehicle driven by Cunningham.
Accordingly, the Supreme Court properly granted that branch of Snyder's motion which was for summary judgment dismissing the complaint insofar as asserted against him and denied the plaintiffs' cross-motion for summary judgment on the issue of liability against Snyder.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court