Zavlanova v Jetro Cash & Carry Enters., LLC (2025 NY Slip Op 04121)

Zavlanova v Jetro Cash & Carry Enters., LLC

2025 NY Slip Op 04121

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-00542
 (Index No. 708165/19)

[*1]Bonu Zavlanova, respondent, 
v
Jetro Cash and Carry Enterprises, LLC, appellant.

Baker Greenspan & Bernstein, Bellmore, NY (Evan E. Richards of counsel), for appellant.
Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Charles Haviv and Albert Cohen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 22, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained when she slipped and fell on a puddle of dirty water in an aisle of the defendant's store. In an order entered December 22, 2023, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
An owner or possessor of real property has a duty to maintain its property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident" (Bristol v Biser, 230 AD3d 1098, 1099-1100 [internal quotation marks omitted]). Here, viewing the evidence in the light most favorable to the plaintiff, the defendant's submissions contained conflicting material facts and, therefore, failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the complaint (see Brower v Staten Is. Univ. Hosp., 233 AD3d 1019; see generally Schmitz v Pinto, 220 AD3d 681, 682). Since the defendant failed to establish, prima facie, that it was entitled to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court