Lugo v Mercurio (2025 NY Slip Op 04241)

Lugo v Mercurio

2025 NY Slip Op 04241

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04838
 (Index No. 508090/21)

[*1]Virginio Lugo, appellant, 
v
Alfonso J. Mercurio, respondent.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Wiese & Aydiner, PLLC, Mineola, NY [Si Aydiner], of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated February 13, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained when the vehicle he was operating collided with the vehicle the defendant was operating at or near an intersection. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff was solely at fault in the happening of the accident. In an order dated February 13, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). There can be more than one proximate cause of an accident (see Trinidad v Llapa, 231 AD3d 1183; Cox v Nunez, 23 AD3d 427), and a "motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Baab v HP, Inc., 211 AD3d 783, 783 [internal quotation marks omitted]; see St. Fort Colin v Perry, 231 AD3d 989, 991; Schmitz v Pinto, 220 AD3d 681, 681-682).
Here, in support of his motion, the defendant submitted transcripts of the parties' deposition testimony, which provided conflicting evidence as to how the accident occurred and raised a triable issue of fact as to whether the defendant was free from fault in the happening of the accident (see generally St. Fort Colin v Perry, 231 AD3d at 991; Schmitz v Pinto, 220 AD3d at 681-682; Baab v HP, Inc., 211 AD3d 783). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d [*2]851, 853).
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court