Davis v Rodriguez

2026 NY Slip Op 03290

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lincoln Davis, respondent,

v

Jose Rodriguez, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-09936, (Index No. 50042/20)

Cheryl E. Chambers, J.P.

Paul Wooten

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Brian Rayhill, Elmsford, NY (Kathryn M. Cafaro of counsel), for appellants.

Bryan Barenbaum, Brooklyn, NY (Huy [Tom] Le of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated June 21, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when the electric bike he was riding collided with the defendants' vehicle. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff was negligent in striking their vehicle, which was attempting to make a right turn into the driveway of a Dunkin' Donuts establishment, in the rear. In an order dated June 21, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.

In an accident involving a rear-end collision, the frontmost driver has the duty 'not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Tutrani v County of Suffolk, 64 AD3d 53, 59-60, quoting Gaeta v Carter, 6 AD3d 576; see Trinidad v Llapa, 231 AD3d 1183). Here, in support of their motion, the defendants submitted transcripts of the deposition testimony of the plaintiff and the defendant driver, which presented divergent accounts of the facts surrounding the accident. In light of the parties' conflicting accounts regarding the happening of the accident, the defendants failed to establish, prima facie, that the defendant driver was not at fault in the happening of the accident (see generally Lugo v Mercurio, 240 AD3d 769; Baab v HP, Inc., 211 AD3d 783). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court